UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRADRICK WOOD, )
 )
Plaintiff, )
 )
v. ) No. 4:14CV474 RLW
 )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
 )
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Affidavit (ECF No. 58). The motion is fully briefed and ready for disposition. Upon consideration of the motion and responses thereto, the Court will grant Defendant's motion.

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff was previously employed by Anheuser-Busch Companies, Inc. ("AB") and participated in a group life insurance plan ("the Plan"), with AB as the Plan administrator and Defendant The Prudential Insurance Company of America ("Prudential") as the insurer. Plaintiff alleges that Prudential abused its discretion in denying Plaintiff's claim for total and permanent disability benefits under the Plan. (Compl. ¶¶ 1, 5-14, ECF No. 1)

The parties filed cross-motions for summary judgment based upon the administrative record in this case. (ECF Nos. 42, 48) In his response to Defendant's Motion for Summary Judgment, Plaintiff attached an Affidavit regarding his participation in a recreational softball league. (Wood Aff., ECF No. 57-2) Defendant filed a Motion to Strike Plaintiff's Affidavit, arguing that the Affidavit was not submitted to Prudential in connection with Plaintiff's claim for

benefits and is not part of the administrative record under review in this case. Plaintiff, on the other hand, contends that he can show good cause for supplementing the administrative record in this case.

"A 'denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits.'" *Prezioso v. Prudential Ins. Co. of Am.*, 748 F.3d 797, 802 (8th Cir. 2014) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Where the administrator has discretionary power to make eligibility determinations, courts apply an abuse of discretion standard. *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626, 628 (8th Cir. 2007). Under Eighth Circuit law, the admission of evidence outside the administrative record "is ruled out on deferential review, and discouraged on de novo review to 'ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Cash v. Wal-Mart Grp. Health Plan*, 107 F.3d 637, 641-42 (8th Cir. 1997) (internal quotation omitted)).

Where *de novo* review applies, the district court may admit additional evidence in an ERISA case if the plaintiff shows good cause for the court to do so. *Id.* "[I]n determining whether good cause exists, the Eighth Circuit Court of Appeals has focused in large part on whether the claimant had an opportunity to present the additional evidence during the administrative proceedings." *Humphrey v. Prudential Ins. Co. of Am.*, 791 F. Supp. 2d 655, 665 (D. Minn. 2011) (citing *Sloan v. Hartford Life & Accident Ins. Co.*, 475 F.3d 999, 1004 (8th Cir. 2007)).

Here, Defendant argues that the Plan granted Prudential discretion to interpret the terms of the Plan, and therefore Plaintiff must show that Prudential's interpretation of the Plan was an abuse of discretion. As such, Defendant contends that the Court should strike Plaintiff's affidavit because review is limited to evidence that was before the administrator. *See Wilcox v. Liberty Life Assurance Co. of Boston*, 552 F.3d 693, 698 (8th Cir. 2009). Plaintiff, however, argues in his summary judgment motion, and implicitly in his response to the motion to strike, that *de novo* review applies here because procedural irregularities breached Prudential's fiduciary duties, warranting a lower standard of review. (Mem. in Support of Pl.'s Mot. for Summ. J. p. 2, ECF No. 49)

The Court finds it unnecessary to determine the standard of review at this time, as even under the *de novo* standard, Plaintiff is unable to demonstrate good cause for supplementing the administrative record. "An opportunity and failure to present the additional evidence shows a lack of good cause." *Sloan*, 475 F.3d 999, 1004 (citation omitted). Here, Plaintiff argues that he did not previously have the opportunity to explain his declining softball activities. However, Defendant notes, and Plaintiff does not dispute, that Plaintiff provided two separate affidavits to Prudential during the administrative process, which are now part of the administrative record.

Further, Plaintiff's softball activities are mentioned in, and part of, the administrative record. For example, on July 24, 2012, Defendant reviewed the medical findings, noting that Plaintiff's primary care physician examined Plaintiff so he could begin playing softball. (Administrative Record p. 6, ECF No. 15-1) After that time, Plaintiff's attorney submitted additional information, including appeal letters and interrogatories from Plaintiff and two co-workers. (*Id.* at p. 2) The Court finds that Plaintiff had the opportunity to, and did, present additional evidence during the administrative process, yet failed to do so with regard to his

3

softball activities. Therefore, Plaintiff is unable to demonstrate good cause for supplementing the administrative record, and the Court will grant Defendant's Motion to Strike Plaintiff's Affidavit. *See Humphrey*, 791 F. Supp. 2d at 665 (declining to consider supplemental documents where plaintiff "was given, and took appropriate advantage of, ample opportunity to submit additional documentation during the administrative appeal process").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Prudential Insurance Company of America's Motion to Strike Plaintiff's Affidavit (ECF No. 58) is **GRANTED.**

**IT IS FURTHER ORDERED** that, no later than July 24, 2015, Defendant shall submit a paper courtesy copy of the Administrative Record, referenced as an exhibit in the cross-motions for summary judgment, in accordance with Paragraph 8 of this Court's Requirements, http://www.moed.uscourts.gov/sites/default/files/rlw.pdf .

**IT IS FURTHER ORDERED** that the bench trial, previously scheduled for September 21, 2015, is **VACATED.** The Court will reset the trial date after ruling on the cross-motions for summary judgment, if necessary.

Dated this 15th day of July, 2015.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4